1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   EDWARD SOMERVILLE,

11              Plaintiff,                    No. 2:12-cv-1143 JAM KJN PS

12        v.

13   WELLS FARGO BANK, N.A., et al.,

14              Defendants.                   ORDER TO SHOW CAUSE
     _____/

15

16              Plaintiff, proceeding without counsel, filed this action for wrongful foreclosure on

17   April 30, 2012 and paid the filing fee.  (Dkt. No. 1.)  A status conference was initially set for

18   October 4, 2012, but on May 18, 2012, the court by minute order continued the status conference

19   to October 25, 2012.  (Dkt. Nos. 3, 4.)

20              The court's April 30, 2012 order setting status conference directed plaintiff to

21   complete service of process on the named defendants within 120 days and cautioned plaintiff that

22   the action may be dismissed if service of process is not accomplished within that period.  (Dkt.

23   No. 3 at 1); see Fed. R. Civ. P. 4(m).  That same order required the parties to file status reports

24   (preferably a joint status report) not later than seven (7) days prior to the status conference, and to

25   appear by counsel or in person (if acting without counsel) at the status conference.  (Dkt. No. 3 at

26   2.)  Furthermore, the order cautioned that "[f]ailing to obey federal or local rules, or [an] order of

1

1   this court, may result in dismissal of this action.  This court will construe pro se pleadings

2   liberally, but pro se litigants must comply with the procedural rules."  (Dkt. No. 3 at 3.)  Finally,

3   the order notified the parties that "Local Rule 110 provides that failure to comply with the Local

4   Rules may be grounds for imposition of any and all sanctions authorized by statute or Rule or

5   within the inherent power of the Court."  (Id.)

6          No party appeared at the October 25, 2012 status conference and no status reports

7   were filed.  Furthermore, there has been no docket activity by any party since the case was

8   initially filed in April 2012.  This strongly suggests that plaintiff has not effectuated service of

9   process on the named defendants.

10         "Pro se litigants must follow the same rules of procedure that govern other

11   litigants."  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (overruled on other grounds).  A

12   district court may impose sanctions, including involuntary dismissal of a plaintiff's case with

13   prejudice pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to

14   prosecute his or her case or fails to comply with the court's orders.  See Chambers v. NASCO,

15   Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for

16   failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689

17   (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil

18   Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil

19   procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992)

20   ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for

21   failure to comply with any order of the court."); Thompson v. Housing Auth. of City of L.A., 782

22   F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to

23   control their dockets and may impose sanctions including dismissal).

24         Based on the foregoing, IT IS HEREBY ORDERED that:

25         1.   Within fourteen (14) days of the date of service of this order, plaintiff shall

26   show cause in writing why this case should not be dismissed with prejudice pursuant to Rule

2

41(b) of the Federal Rules of Civil Procedure for plaintiff's failure to prosecute the action and failure to follow the court's orders, the Local Rules, and the Federal Rules of Civil Procedure.

2.  Plaintiff's failure to respond to this order, or plaintiff's failure to show good cause for his non-compliance with the court's orders and procedural rules, shall constitute an additional ground for the imposition of appropriate sanctions, including a recommendation that plaintiff's case be involuntarily dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) and Local Rules 110 and 183(a).

IT IS SO ORDERED.

DATED:  October 25, 2012

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE